# United States Court of Appeals
## For the Eighth Circuit

No. 25-2778

B.P.

*Petitioner*

v.

Todd Blanche, Attorney General of the United States

*Respondent*

------------------------------

National Immigration Litigation Alliance

*Amicus on Behalf of Petitioner*

Petition for Review of an Order of the
Board of Immigration Appeals

Submitted: May 12, 2026
Filed: September 2, 2026

Before L.R. SMITH, BENTON, and STRAS, Circuit Judges.

BENTON, Circuit Judge.

An Immigration Judge denied B.P. a deferral of removal under the Convention Against Torture. The Board of Immigration Appeals dismissed his appeal. B.P. petitions for review. This court lacks jurisdiction to review (only) a CAT order and thus dismisses his petition.

## I.

B.P., a native and citizen of Guatemala, unlawfully entered the United States in 2001. According to him, a cartel member forced him to sell "medium amounts" of cocaine within the United States in 2016. He did so until arrested in 2018. The United States Drug Enforcement Agency offered him the option to work as a confidential informant in drug-trafficking investigations. Accepting, he performed controlled purchases for the DEA. His cooperation resulted in the convictions of cartel members within the United States.

After his work as a confidential informant, B.P. pleaded guilty to his underlying charges—conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846—receiving a lesser sentence.

On October 20, 2020, the United States Department of Homeland Security issued B.P. a "Notice of Intent" to issue a final administrative removal order (FARO). B.P. was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for his aggravated-felony conviction, as defined under 8 U.S.C. § 1101(a)(43)(B), (U). On November 9, DHS issued the FARO, serving it on B.P. in prison on November 13.

On June 9, 2021, B.P. stated he feared that cartel members would torture and kill him if he was removed to Guatemala, prompting a reasonable-fear interview on July 1. The asylum officer found B.P. failed to establish a reasonable possibility that

he would be tortured or killed if removed to Guatemala. B.P. requested the IJ review this finding.

On July 15, the IJ vacated the asylum officer's finding, and placed B.P. in "withholding-only" proceedings to determine only whether he may be removed to his home country. *See* ***Riley v. Bondi***, 606 U.S. 259, 265 (2025). In October 2021, the United States Immigration and Customs Enforcement released B.P., but then re-detained him in December 2023.

On January 17, 2024, B.P. applied for asylum, withholding of removal under the Immigration and Nationality Act and CAT, and for deferral of removal under CAT. On July 23, the IJ denied him relief. The IJ first found B.P. ineligible for asylum and for withholding of removal under the INA and CAT. The IJ then denied deferral of removal under CAT—finding B.P.'s testimony not credible, uncorroborated, and insufficient to show that he was more likely than not to be tortured if removed to Guatemala. B.P. appealed to the BIA.

B.P. challenged only the IJ's denial of CAT relief. The BIA noted B.P.'s waiver of any future claims against the removability determination. The BIA ruled that the IJ's "decision d[id] not contain sufficient factual findings or legal analysis to allow for meaningful appellate review of this question." The BIA remanded for further fact-finding and legal analysis of B.P.'s eligibility for CAT relief on January 10, 2025.

On remand, the IJ again ruled B.P. was ineligible for CAT relief, ordering him removed to Guatemala on March 12. B.P. again appealed to the BIA.

On August 14, the BIA adopted and affirmed the IJ's March 12 decision, finding it "thorough, detailed, and well-reasoned." The BIA dismissed B.P.'s second appeal.

B.P. petitions this court to review the BIA's dismissal of his appeal.

II.

This court must first determine its jurisdiction to review B.P.'s petition.

This court has appellate jurisdiction over "final order[s] of removal." **8 U.S.C. § 1252(a)(1)**. "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" ***Nasrallah v. Barr***, 590 U.S. 573, 579 (2020), *quoting* **8 U.S.C. § 1101(a)(47)(A)**. "An order of removal becomes final at the earlier of two points: (1) 'a determination by the BIA affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to' petition the BIA for review of the order." ***Riley***, 606 U.S. at 267 (alteration omitted), *quoting* **8 U.S.C. § 1101(a)(47)(B)**.

"[A] CAT order is not a final order of removal . . . ." ***Id***. at 268. It neither concludes that the noncitizen is deportable nor orders deportation. ***Id***. Instead, "[a] CAT order provides that, 'notwithstanding' a removal order, the government may not remove an individual to a particular 'designated country.'" ***Monsalvo v. Bondi***, 604 U.S. 712, 723 (2025), *quoting* ***Nasrallah***, 590 U.S. at 582. A CAT order also does not merge into a final order of removal because it "does not disturb or affect the validity of a final order of removal." ***Riley***, 606 U.S. at 268 (quotation omitted), *quoting* ***Nasrallah***, 590 U.S. at 582. "Accordingly, the only jurisdiction to review CAT orders is a pendent jurisdiction requiring an independent basis of federal subject matter jurisdiction under 8 U.S.C. § 1252(a)(1)—specifically, a petition for review of a final order of removal." ***Navarrete v. Bondi***, 170 F.4th 1214, 1222 (9th Cir. 2026) (citation and quotation omitted). *See* **8 U.S.C. § 1252(a)(4)** ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review" of any CAT claim.); **8 U.S.C. § 1252(b)(9)** ("Except as otherwise provided in this section," a court's "review of *all* questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien" is limited to the "review of a final order under this section." (emphasis added)); **112 Stat. 2681–822**, note following **8 U.S.C. § 1231** ("[N]othing in this section shall be construed as providing any court

jurisdiction to consider or review claims raised under [CAT] . . . except as part of the review of a final order of removal pursuant to" § 1252.); ***Nasrallah***, 590 U.S. at 579–81 (listing the three interlocking statutes—the Illegal Immigration Reform and Immigrant Responsibility Act of 1996; the Foreign Affairs Reform and Restructuring Act of 1998; and, the REAL ID Act of 2005—that permit this court to review CAT orders *with* final orders of removal).

Because B.P. petitions this court to review only a CAT order, this court lacks jurisdiction. *See* ***Navarrete***, 170 F.4th at 1221 ("[I]f a court does not have jurisdiction to hear a petition under 8 U.S.C. § 1252(a)(1), then it does not have jurisdiction to review any questions of fact or law related to such claims."); ***Hayles v. United States Att'y Gen.***, 179 F.4th 872, 878 (11th Cir. 2026) ("[J]udicial review of the denial of relief under the CAT is available only if a petition for review challenges a final removal order."); ***Riley***, 606 U.S. at 280 (Thomas, J., concurring) ("[C]ourts cannot review CAT claims unless they are reviewing a final order of removal.").

III.

B.P. believes that this court has jurisdiction to review the denial of his CAT relief. He asserts that the BIA's dismissal of his appeal was the final order of removal, which he petitioned this court to review.

This court's jurisdiction is based on the words of B.P.'s petition for review. Section 1252 "preserves our power of 'review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.'" *See* ***Hayles***, 179 F.4th at 878 (emphasis removed), *quoting* **8 U.S.C. § 1252(a)(2)(D)**. B.P.'s petition references only the denial of his "application for relief under Article III of [CAT]." B.P. asserted that the BIA's dismissal was a final order of removal only after the government moved to dismiss his petition for being untimely. "[T]here is no plausible way to read his petition as challenging his final removal order." *See* ***id***. at 879.



Appellate Case: 25-2778 Page: 5 Date Filed: 09/02/2026 Entry ID: 5679039

Even if this court viewed B.P.'s petition as a challenge to his final order of removal, his petition is untimely. Congress set a 30-day time limit for noncitizens to file a petition for review "after the date of the final order of removal." **8 U.S.C. § 1252(b)(1)**. Section 1252(b)(1)'s 30-day filing requirement is not jurisdictional. ***Riley***, 606 U.S. at 277. Nonjurisdictional rules—claims-processing rules—regulate the parties, not the courts, and thus do not divest a court of its power over a case. *See* ***id***. While nonjurisdictional, this 30-day deadline is a mandatory claims-processing rule, meaning that if the government properly raises it, then this court must enforce it. *See* ***Navarrete***, 170 F.4th at 1219 (interpreting *Riley*'s holding to mean § 1252(b)(1)'s 30-day deadline is a mandatory claims-processing rule); ***Liao v. Bondi***, 162 F.4th 519, 524 (5th Cir. 2025) (same).

Believing that the BIA's August 14, 2025, dismissal was a final order of removal, B.P. asserts he met the 30-day deadline when he filed his petition on September 10, giving this court jurisdiction. B.P. is mistaken.

The final order of removal was the FARO issued by DHS in November 2020. The FARO concluded that B.P. "was deportable and directed that he be removed from the United States." ***Riley***, 606 U.S. at 267. And: "Because an alien in streamlined removal proceedings cannot seek review of his FARO before an IJ *or* the BIA, the period to seek review 'expires' as soon as the FARO is issued—meaning that the order becomes final immediately upon issuance." ***Id***. (alteration omitted) (emphasis in original).[1] B.P. missed this deadline by nearly five years, and the government properly raised § 1252(b)(1)'s mandatory filing requirement by moving to dismiss six days after the petition was docketed. *See* ***Liao***, 162 F.4th at 525 (dismissing a petition for review "where the government moved to deny [petitioner]'s petition as untimely a week after his petition was docketed"). Viewing

[1]The Court references Congress's 1996 "streamlined track" under 8 U.S.C. § 1228 for noncitizens convicted of an aggravated felony. B.P. was convicted of an aggravated felony, and DHS issued the FARO pursuant to § 1228(b). *See generally* ***Riley***, 606 U.S. at 267, 272.



Appellate Case: 25-2778 Page: 6 Date Filed: 09/02/2026 Entry ID: 5679039

B.P.'s petition as a challenge to his final order of removal, this court still must dismiss. *See* **8 U.S.C. § 1252(b)(1)**.

IV.

B.P. argues that equitable tolling applies to the 30-day filing deadline and gives this court jurisdiction.

"Equitable tolling effectively extends an otherwise discrete limitations period set by Congress." ***Arellano v. McDonough***, 598 U.S. 1, 6 (2023) (citation and quotation omitted). While courts "presume that federal statutes of limitations are subject to equitable tolling," the presumption "can be rebutted, and if equitable tolling is inconsistent with the statutory scheme, courts cannot stop the clock for even the most deserving plaintiff." ***Id***. at 6–7.

B.P. and the amicus curiae point to other circuits that hold that equitable tolling applies to § 1252(b)(1)'s deadline. *See generally* ***Oxlaj-Perez v. Blanche***, 174 F.4th 516, 522 (6th Cir. 2026); ***E.E.V. v. Blanche***, 180 F.4th 954, 974 (7th Cir. 2026); ***Navarro v. Blanche***, 2026 WL 2317835, at *12 (4th Cir. Aug. 11, 2026). This court, however, finds those holdings self-contradictory and without precedent.

Section 1252(b)(1) states, "The petition for review must be filed not later than 30 days after the date of the final order of removal." Congress's use of "must" and "not later than" strongly suggests that it did not intend for the deadline to be tolled. True, the Court held that § 1252(b)(1)'s deadline is a nonjurisdictional rule. ***Riley***, 606 U.S. at 277. "But calling a rule nonjurisdictional does not mean that it is not mandatory or that a timely objection can be ignored." ***Gonzalez v. Thaler***, 565 U.S. 134, 146 (2012). "Whether a rule precludes equitable tolling turns . . . on whether the text of the rule leaves room for such flexibility." ***Nutraceutical Corp. v. Lambert***, 586 U.S. 188, 192 (2019). "[S]ome claim-processing rules are mandatory—that is, they are unalterable if properly raised by an opposing party." ***Id***. (citation and quotation omitted). Section 1252(b)(1) is a mandatory claims-



Appellate Case: 25-2778 Page: 7 Date Filed: 09/02/2026 Entry ID: 5679039

processing rule, and its plain text leaves little room for the tolling of its deadline. *See **id***.; ***Navarrete***, 170 F.4th at 1219; ***Liao***, 162 F.4th at 524; ***Enbridge Energy, LP v. Nessel ex rel. Mich.***, 146 S. Ct. 1074, 1082 (2026) (stating that while a statute's mandatory language alone is not sufficient to rebut the presumption, its strict phrasing "is at least consistent with treating [the] deadline as mandatory and not subject to equitable tolling").

Equitable tolling of § 1252(b)(1) is also inconsistent with Congress's removal goals under the INA. The purpose of Congress's "streamlined track" is to expedite the removal of criminal noncitizens. *See, e.g.*, ***Aguilar-Aguilar v. Napolitano***, 700 F.3d 1238, 1242 n.3 (10th Cir. 2012) ("The very purpose of § 1228(b) is to provide DHS an efficient method by which to *expeditiously* remove an unlawful alien previously convicted of an aggravated felony." (emphasis in original)); ***Valdiviez-Hernandez v. Holder***, 739 F.3d 184, 191 (5th Cir. 2013) (same). *Cf*. ***E.E.V.***, 180 F.4th at 990 (Brennan, C.J., dissenting) (stating the INA, "including § 1252(b)(1), exists to 'expedite judicial review of final orders of removal.'" (alteration omitted)), *quoting* ***Nasrallah***, 590 U.S. at 580. B.P.'s removal proceedings demonstrate that § 1228 is anything but expeditious. Equitable tolling of § 1252(b)(1)'s filing deadline would further delay the removal of criminal noncitizens, like B.P., contrary to Congress's intent.

Section 1252(b)(1)'s plain text and statutory scheme rebut the presumption of equitable tolling. Equitable tolling is thus unavailable for § 1252(b)(1)'s 30-day filing deadline. *See* ***Arellano***, 598 U.S. at 7 ("The presumption is rebutted if there is good reason to believe that Congress did not want the equitable tolling doctrine to apply." (cleaned up)); ***Riley***, 606 U.S. at 272 n.* (stating that the removal proceedings of dangerous noncitizens lasting "many months and even years" "is surely not what Congress anticipated when it enacted the streamlined procedure"). *Cf*. ***E.E.V.***, 180 F.4th at 990 (Brennan, C.J., dissenting) (stating equitable tolling of § 1252(b)(1)'s 30-day deadline "undermines the statute"); ***Navarro***, 2026 WL 2317835, at *28 (Wilkinson, J., dissenting) (stating equitable tolling of § 1252(b)(1)'s 30-day deadline "snarls the immigration process and creates the very



Appellate Case: 25-2778 Page: 8 Date Filed: 09/02/2026 Entry ID: 5679039

delays Congress wished to eliminate"). Without a final order of removal to review, this court must dismiss B.P.'s petition.

* * * * * * *

The petition for review is dismissed.



Appellate Case: 25-2778 Page: 9 Date Filed: 09/02/2026 Entry ID: 5679039